Butler, J.,
delivered the opinion of the Court.
The facts in this case, as established by proof or conceded by the parties, are these: Charles Theodore Cark for valuable considerations, acquired by verbal transfer and delivery of Samuel Jamison twó sealed notes, made by Thomas Rumph and John Martin, and payable to the said Jamison or bearer, — Cark put the notes into the hands of Mr. Dawson, an attorney at law, with instructions to sue on them for him. The attorney, with a view of bringing his case properly into Court, brought action, recovered judgment and lodged execution in the name of Jamison, but for the benefit of Cark. At the instance of Jamison’s execution creditors, the sheriff holds the money which he has collected, subject to the executions in his office against Jamison; and this case comes up as a rule against the sheriff to show cause why the money should not be paid to Cark, the rightful owner. The presiding Judge discharged the rule for the reasons stated in his report.
Whatever may be the character of Cark’s right to the money, whether legal or equitable,.it.is very evident that it is applicable to executions against Jamison ; for he, having divested himself to all right to the notes before they were put in suit, his creditors cannot apply the money arising from them to their executions ; this would be to take that which did not belong to Jamison to pay his debts. The sheriff cannot retain the money for any such purpose, but must pay it to some one entitled to receive it. Cark from the facts has clearly an equitable right to the money, and such a right as' has been too frequently recognised and enforced in-Courts of law both by adjudications in England and in this State now to be questioned. He had certainly the right to receive the money while he had the notes in his’ actual possession, and surely he cannot be in a worse position because his agent has collected it for him. The rule should have been made absolute, and that it may be, a new trial is. granted.